UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MICHAEL RAY WATTS,                                    Case No. 1:22-cv-0512-MO

        Plaintiff,                                           OPINION AND ORDER

    v.

LOGAN NOVAK, DEPUTY STEVEN
JOSEPHSON, CORPORAL KELLEN
FEYERHARM, SERGEANT CARPENTER,

        Defendants.

_____

MOSMAN, District Judge:

    Plaintiff Michael Watts ("Plaintiff") brings this action alleging that Defendants used excessive force against him while he was a pre-trial detainee at the Jackson County Jail. Compl., ECF No. 2. This matter comes before the Court on Defendants' Motion to Dismiss for failure to state a claim. Defs.' Mot. Dismiss, ECF No. 12. For the reasons that follow, Defendant's motion is DENIED.

## FACTUAL BACKGROUND

    On April 4, 2020, Plaintiff was in the day room watching television when Deputy Josephson came in and turned it off. Compl. at 13. Deputy Josephson told Plaintiff to take his

1    - OPINION AND ORDER

blanket back to his cell, because blankets are not allowed in the day room. *Id*. Plaintiff did so and returned to the dayroom. *Id*. at 14. He asked for the television to be turned back on but Deputy Josephson and Corporal Feyerharm came in and told Plaintiff to go to his cell to "roll [his] stuff up." *Id*. at 14. Plaintiff returned to his cell to gather his things when Deputy Josephson "reached out to engage [Plaintiff] with physical contact." *Id*. It was early in the COVID-19 global pandemic and Defendants were not wearing masks or gloves. *Id*. Plaintiff was afraid of getting sick and he told Deputy Josephson to take his hands off him. *Id*. Defendants then began "wrestl[ing] [Plaintiff] while [he] struggled to get away." *Id*. at 15. Another unnamed deputy arrived and helped Defendants lower Plaintiff to the ground, face down. *Id*.

At this point, Plaintiff stopped resisting. *Id*. Deputy Novak arrived and tried to handcuff Plaintiff, but his arms were pinned down. *Id*. Corporal Feyerharm gave an order to taser Plaintiff, which Deputy Novak did. *Id*. at 16. Deputy Josephson kneed Plaintiff in the side, head, and neck area, making it difficult for him to breathe. *Id*. An unnamed deputy slammed Plaintiff's head against the ground. *Id*. Another deputy and Sergeant Carpenter arrived and placed Plaintiff in handcuffs. *Id*. Deputy Josephson put Plaintiff's "handcuffed left hand in a wrist lock causing so much pain it ma[de] [him] scream." *Id*. Plaintiff was eventually pulled up to his feet and walked up the staircase to the catwalk. *Id*. at 16-17. Holding Plaintiff by his hair, Deputy Novak slammed Plaintiff's head against the cement wall, began to "tear [Plaintiff's] earlobe by jerking it around," and shook Plaintiff's head violently back and forth. *Id*. at 17. Throughout all of this, Plaintiff repeatedly called out that he was not resisting. *Id*. at 16-17.

Defendants took Plaintiff to another cell and laid him down on a cement slab. *Id*. at 18. Deputy Novak again held Plaintiff by the hair and slammed his head against the floor while another

deputy uncuffed him. *Id*. Deputy Novak then put his hands around Plaintiff's throat and "start[ed] choking [him] as the other deputies began to back out of the cell." *Id*.

Plaintiff suffered abrasions on his forehead, a torn earlobe, a sprained wrist, hair loss, bruising on his elbow, knees, ribcage, and neck, scratches on his back and ribcage, neck pain, migraines, and psychological and emotional trauma. *Id*. at 20. He alleges Defendants Corporal Feyerharm, Sergeant Carpenter and Deputies Josephson and Novak used excessive force against him in violation of his constitutional rights. *Id*. at 21.

## LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When ruling on a motion to dismiss, the court accepts as true all material allegations in the complaint, as well as any reasonable inferences to be drawn from them. *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003). Where a plaintiff is proceeding pro se, the Court must construe the allegations in the Complaint liberally and afford them the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

## DISCUSSION

I.    Plaintiff's No Contest Plea to Assault in the Fourth Degree

Defendants ask the Court to take judicial notice of three Jackson County Circuit Court cases, including *State v. Watts*, Jackson County Circuit Court Case No. 20CR20161. Defendants attach documents to their motion, including an indictment, and a petition to enter plea of no contest

and order permitting same. Defs.' Mot. Dismiss at Pietila Ex. 1, 4. Plaintiff did not respond or otherwise object to Defendants' request or submissions.

Although district courts ordinarily may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion, they may take judicial notice of documents referenced in the Complaint, pleadings from other relevant proceedings, as well as matters in the public record, without converting a motion to dismiss into one for summary judgment. *Intri–Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007). The Court concludes that the documents are appropriate subjects for judicial notice. The indictment states that Plaintiff "on or about April 4, 2020, in Jackson County, Oregon, did unlawfully and recklessly cause physical injury to Kellan Jeffrey Feyerharm." *Id*. at Pietila Ex. 1. Plaintiff entered into a negotiated global plea agreement to resolve his pending criminal cases, including a no contest plea to assault in the fourth degree. *Id*. at Pietila Ex. 4.

 II.  <u>Plaintiff's Claims</u>

  *1.* *Excessive Force*

Defendants argue that Plaintiff's excessive force claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Defendants state that Plaintiff's conviction for assaulting Corporal Feyerharm arise from the same set of facts that he alleges in his excessive force claim. Defs.' Mot. Dismiss at 3-4. They reason that because Plaintiff's underlying criminal conviction has not been reversed or vacated or otherwise invalidated, his excessive force claims are not cognizable under 42 U.S.C. § 1983. Plaintiff argues that his excessive force claims are not based on the same events giving rise to his conviction for assault in the fourth degree. Pl's Resp. in Opp'n at 3, ECF No. 17. Plaintiff asserts that Defendants used excessive force against him after the assault occurred and after he had stopped resisting. *Id*.

4  - OPINION AND ORDER

In *Heck*, the Supreme Court held that a civil rights suit for money damages that "would necessarily imply the invalidity of [a plaintiff's] conviction or sentence" is not cognizable under Section 1983. 512 U.S. 477, 486-87 (1994). Indeed, *Heck* generally bars claims challenging the validity of an arrest, prosecution, or conviction. *See Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (holding that a Section 1983 action must be dismissed under *Heck* if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which damages are sought). A plaintiff seeking relief under § 1983 "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid . . . must prove" that the conviction has been reversed, expunged, declared invalid, or called into question by a writ of habeas corpus. *Heck*, 512 U.S. at 486–87. However, "*Heck* does not bar a § 1983 claim for excessive force occurring before or after the conduct serving as the basis of the conviction because success would not cast a shadow on the validity of the underlying conviction." *Pierce v. City of Salem*, No. 06-CV-1715-ST, 2008 WL 4415407, at *6 (D. Or. Sept. 19, 2008) (discussing *Smith v. City of Hemet*, 394 F.3d 689, 699 (9th Cir. 2005) (*en banc*) and *Sanford v. Motts*, 258 F.3d 1117, 1120 (9th Cir. 2001)). Moreover, "where the circumstances surrounding the plaintiff's conviction do not permit the court to conclude which of many acts formed the basis of the conviction, as in the case of a guilty or no contest plea, the court also is unable to conclude that a successful § 1983 claim would invalidate the earlier conviction." *Id*.

Plaintiff was convicted of violating OR. REV. STAT. ANN. § 163.160(1)(a) which provides that "[a] person commits the crime of assault in the fourth degree if the person . . . [i]ntentionally, knowingly or recklessly causes physical injury to another." However, the documents of which the Court has taken judicial notice do not specify the conduct that formed the basis for Plaintiff's

conviction. *See* Defs.' Mot. Dismiss at Pietila Ex. 1 (On April 4, 2020, Plaintiff "did unlawfully and recklessly cause physical injury to Kellan Jeffrey Feyerharm."), Ex. 4 ("The factual basis of my no contest plea is: as alleged in the charging instrument.").

Plaintiff alleges that Deputy Josephson and Corporal Feyerharm were the initial aggressors but admits that he initially struggled with them to get away. Compl. at 14-15. He states that he "stopped resisting" during their attempts to lower him to the ground to handcuff him. Compl. at 15. Despite the fact that Plaintiff repeatedly stated he was "not resisting," Plaintiff alleges Corporal Feyerharm ordered Deputy Novak to taser Plaintiff, Deputy Josephson kneed Plaintiff in the side, head, and neck and put his handcuffed left hand in a painful wrist lock, Deputy Novak slammed Plaintiff's head against a cement wall and slab, violently shook his head by his hair, jerked his ear so hard it tore his earlobe and choked him. *Id*. at 16-18. In sum, it is plausible that Plaintiff's excessive force claim against Defendants arises from conduct that occurred after the conduct upon which Plaintiff's assault conviction is based. *See e.g., Sanford*, 258 F.3d at 1119-20 (explaining that success on plaintiff's excessive force claim would not necessarily imply the invalidity of her conviction upon a nolo contendere plea for resisting arrest because the officer's use of excessive force could have occurred after the conduct for which the plaintiff was convicted).

On this record, the Court cannot say there is no basis for finding that success on Plaintiff's excessive force claims against Defendants would necessarily demonstrate the invalidity of his conviction of assault in the fourth degree. Defendants' motion to dismiss is therefore DENIED.

### 2. *Additional Claims Raised in Plaintiff's Response*

In his response, Plaintiff states that he "believes he was maliciously prosecuted," "coerced [by the prosecution] into a global resolution" of his criminal cases, and was advised by his attorney that a no contest plea would not bar him from litigating an excessive force claim. Pl.'s Resp. in

Opp'n at 2. Defendants argue that these new allegations and potential claims implicate the validity of his no contest plea to assault in the fourth degree and are therefore not cognizable under Section 1983. Defs.' Reply at 3, ECF No. 18.

"In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Schneider v. Cal. Dep't. of Corr.*, 151 F.3d 1194, 1197 n. 1 (9th Cir. 1998). To the extent that Plaintiff seeks to raise any new allegations or claims, he cannot do so without seeking leave from the Court to amend his complaint. Because the Court is confined to the four corners of the Complaint in ruling on a motion to dismiss, it declines to consider or rule on the merits of any new allegations or claims Plaintiff may seek or attempt to raise in his response.

## CONCLUSION

For the reasons explained above, Defendant's Motion to Dismiss (ECF No. 12) is DENIED.

DATED this   3rd day of  January 2023.

*Michael W. Mosman*
MICHAEL W. MOSMAN
United States District Judge