UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MICHAEL RAY WATTS,

            Plaintiff,

    v.

LOGAN NOVAK, DEPUTY STEVEN
JOSEPHSON, CORPORAL KELLEN
FEYERHARM, SERGEANT CARPENTER,

            Defendants.

_____

Case No. 1:22-cv-0512-MO

OPINION AND ORDER

MOSMAN, District Judge:

Before the Court is Plaintiff's Motion to Alter or Amend the Court's Order granting Defendants' Motion for Summary Judgment. For the reasons set out below, the Court DENIES Plaintiff's Motion [ECF 76].

**LEGAL STANDARD**

District courts may reconsider and amend a previous order under Federal Rule of Civil Procedure 59(e). A motion for reconsideration, however, is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v.*

*Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citation omitted). "'[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Id*. (quoting *Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)) (emphasis added). "Motions for reconsideration are not the proper vehicles for rehashing old arguments and are not intended to give an unhappy litigant one additional chance to sway the judge." *Shah v. Aerotek, Inc.*, 2021 WL 3521142, at *1 (D. Or. Aug. 10, 2021) (internal quotation marks and citations omitted).

## DISCUSSION

Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging Defendants used excessive force against while he was a detainee at the Jackson County Jail. The altercation was largely captured on video. Plaintiff is seen struggling with and against Defendants in a hallway before being subdued, tasered, handcuffed and transported to an isolation cell.

Defendants moved for Summary Judgment arguing that their use of force was objectively reasonable and that they were otherwise entitled to qualified immunity. Plaintiff was afforded an opportunity to respond that Motion, and his responsive briefings were considered by the Court despite being untimely filed. Opinion and Order dated Jan. 5, 2024 [ECF 74] at 6. The Court considered all of the arguments and evidence presented by the parties, and applied the standard applicable to excessive force claims brought by pretrial detainees as set out in *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015). *Id*. at 9-12. Ultimately, the Court granted Defendants' Motion, finding that "some use of force was necessary and that Defendants applied force in a good faith effort to obtain Plaintiff's compliance and not maliciously and sadistically to cause harm." *Id*. at 11.

In his Motion, Plaintiff argues that the Court "repeatedly repeats the facts most favorable to defendants and leaves out the facts favorable to the plaintiff." Mot. [ECF 76] at 3. He reiterates that he was "not resisting when force was used against him," and that Defendants' use of force was not applied in a good faith effort. *Id*. at 5. Specifically, he argues that when Defendant Novak backed out of the isolation cell, he "intentionally pointed his laser in Plaintiff's eyes" in violation of Jackson County Sheriff's Office Policy 304, Conducted Energy Device ("Policy 304"). *Id*. at 5. Policy 304 provides guidelines for the issuance and use of Taser devices. Watts Ex. 1 [ECF 70-1] at 1-5. Plaintiff claims this alleged policy violation proves Novak's use of force as he exited the isolation cell was more than *de minimis*. Mot. at 5. Plaintiff also states that he "suffered multiple injuries, some of which are permanent." *Id*.

Plaintiff presented these arguments to the Court at summary judgment. *See, e.g.,* Resp. [ECF 69] at 2, 7-11; Watts Decl. [ECF 70] at 5-11. The Court considered Plaintiff's arguments and applied the appropriate legal standard and considerations. Opinion and Order dated Jan 5, 2024 [ECF 74] at 4, 7-8, 9-12. For example, the Court considered Plaintiff's assertion that he did not resist Defendants, his concession that he struggled with Defendants but stopped struggling with them several times, his argument that that Defendants use of force caused him to react and further resist them, and his admission that he stopped resisting Defendants once he had been brought to the ground. *Id*. at 12. The also Court considered Plaintiff's allegation that Novak pointed his laser in Plaintiff's eyes as he exited the isolation cell. *Id*. at 4. Even assuming the truth of this allegation, a violation of a departmental policy, such as Policy 304, is not necessarily unconstitutional. *See Cornejo v. County of San Diego*, 504 F.3d 853, 855 n. 3 (9th Cir. 2007) ("We note that a claim for violation of state law is not cognizable under § 1983."); *Campbell v. Burt*, 141 F.3d 927, 930 (9th Cir. 1998) ("As a general rule, a violation of state law does not lead to liability under § 1983.").

And, the Court considered evidence of Plaintiff's injuries, including photographs submitted "show[ing] an abrasion on his cheek, and scrapes on his head, neck, arms and torso." Opinion and Order dated Jan 5, 2024 [ECF 74] at 11. Notably, Plaintiff alleged for the first time at summary judgment that he suffered "permanent" injuries, including eye damage and now wears prescription eyeglasses. Watts Decl. [ECF 70] at 10; *see also* Compl. [ECF 1] at 18, 20, 24-26, 32-34 (vision loss not among detailed list of injuries); Josephson Decl. [ECF 35] at 4-5, Exs. 1-18 (Plaintiff initially reported he was "fine" after altercation, but later reported he sustained injuries and photographs were taken). He does not now, and he did not at summary judgment, support such a claim with medical records or any evidence beyond his own assertion. Upon review of all the arguments and evidence presented, the Court found that "the record [did] not support a finding that Defendants acted to punish Plaintiff or solely for the malicious and sadistic purpose of causing him harm." Opinion and Order dated Jan. 5, 2024 [ECF 74] at 13.

In sum, Plaintiff offers no newly discovered evidence, points to no intervening change in the law, and provides no legal authority that calls into question the propriety of the Court's Order granting Defendants' Motion for Summary Judgment. Instead, he rehashes arguments that the Court fully considered and decided. Because Plaintiff does not meet the standard for reconsideration under Rule 59, his Motion is denied.

## CONCLUSION

For the reasons explained above, Plaintiff's Motion to Alter or Amend Judgment [ECF 76] is DENIED.

| | |
|---|---|
| 4/30/2024 | *Michael W. Mosman* |
| DATE | Michael W. Mosman |
| | United States District Judge |